**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 01 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10290 |
| Plaintiff - Appellee, | D.C. No. 5:05-cr-00723-JW-10 |
| v. | |
| MAN NEI LUI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10408 |
| Plaintiff - Appellee, | D.C. No. 5:05-cr-00723-JW-1 |
| v. | |
| PONG LIN LIU, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted October 4, 2010
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: BERZON and CALLAHAN, Circuit Judges, and WOLLE, Senior District Judge.[**]

We affirm the verdicts against Man Lui and Pong Liu and remand to the district court to correct the clerical error in Man Lui's judgment.

**Agent Robinson's Testimony**

Any error regarding Agent Robinson's testimony was harmless.

Both Man Lui and Pong Liu objected before trial to Robinson testifying as both a lay and expert witness. The district court's decision to allow Robinson to testify in these dual roles was not an abuse of discretion because the jurors were aware of the witness's dual roles. *See United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2000) (holding that the risk of error in allowing a case agent to testify as both a lay and expert witness is sufficiently reduced if jurors are made aware of the circumstances). While the distinction between Robinson's two roles would have been clearer had the district court separated Robinson's testimony into two phases, *see United States v. Anchrum*, 590 F.3d 795, 804 (9th Cir. 2009), it was generally apparent when Robinson was testifying as an expert, because the prosecutor would preface his questions with the phrase "based on your training and experience."

[**] The Honorable Charles R. Wolle, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

2

Moreover, the district court instructed the jury to distinguish between Robinson's two roles, and both Man Lui and Pong Liu explored the "two hats" issue on cross examination. *See United States v. Reed*, 557 F.3d 900, 922 n.16 (9th Cir. 2009) (noting that there was little risk of prejudicial juror confusion when defendants were able to conduct a full cross-examination of a detective testifying as both a lay and expert witness).

There were questionable aspects to Agent Robinson's testimony, but they concern evidentiary issues that do not trace to the "two hats" issue, and about which Man Lui never raised objections and Pong Liu only rarely objected. At times, Robinson impermissibly speculated about the contents of Pong Liu's golf bag. Pong Liu raised a belated objection to the testimony regarding the golf bag, which prompted the district court to admonish the jury that Robinson's testimony on the subject was an opinion, not eyewitness testimony. While the district court erred in admitting Robinson's speculations in the guise of expert opinion testimony, the error was harmless, given that on cross-examination, it became clear that Robinson never found any cocaine in the golf bag.

Substantial portions of Robinson's testimony also amounted to repetitive summaries of telephone calls, videos, and charts that had been presented to the jury. Such cumulative testimony was likely improper. *See Freeman*, 498 F.3d at

3

905. But it was not reversible plain error for the district court to admit it, as it did not seriously affect the fairness of the proceedings, given the wiretap and surveillance evidence. Pong Liu objected to this type of testimony on one occasion and the district court erred in admitting the testimony. However, the error was harmless given the substantial independent evidence against Pong Liu. *See id.* at 906.

Man Lui raised Confrontation Clause objections to Robinson's summaries of specific calls. There is no support, however, for the proposition that by summarizing the contents of admissible, non-testimonial statements, a witness converts the calls into testimonial statements in violation of the Confrontation Clause. Again, the summaries were likely inadmissible, but not for Confrontation Clause reasons.

Finally, with eleven years as a DEA agent, eight years working on large-scale drug conspiracies, and experience working on more than 150 drug investigations, Agent Robinson was qualified to be an expert in the modus operandi of drug traffickers. Man Lui did not object at trial to the district court's qualification of Robinson as an expert, and it was not plain error for the court to fail to make an explicit reliability determination regarding Robinson's methodology. *See United States v. Lopez-Martinez*, 543 F.3d 509, 514-15 (9th Cir.

2008). More generally, Man Tao's testimony, combined with the wiretap and surveillance evidence, was strongly inculpatory of Man Lui. Thus, even if the district court erred in not making a reliability determination regarding Robinson's testimony, the error was not prejudicial to Man Lui. *See United States v. Hermanek*, 289 F.3d 1076, 1096 (9th Cir. 2002).

**Prosecutorial Misconduct**

Several of the prosecutor's comments during closing argument can only be understood with reference to some external standard of competence or believability. Such comments constituted improper vouching. But neither defendant objected, and it was not reversible plain error for the district court to allow the comments, because "in the context of the entire record, the impropriety [did not] 'seriously affect[] the fairness . . . of judicial proceedings,'" and failure to reverse the conviction would not "'amount to a miscarriage of justice.'" *See United States v. Brooks*, 508 F.3d 1205, 1209 (9th Cir. 2007) (quoting *United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir. 1993)).

There was no error in allowing the prosecutor to use the words "the government" and "we" when referring to the team who conducted the criminal investigation because, in context, these statements did not portray the prosecutor as

so personally involved with the investigation as to constitute vouching or a violation of the advocate-witness rule. *See Hermanek*, 289 F.3d at 1098-99.

Nor did the district court err in failing to grant Pong Liu's motion for a mistrial after the prosecutor improperly suggested that the jury could decide whether Pong Liu was a tax cheat. While the prosecutor's conduct in continuing this argument after the district court's first interjection was brazen, the court's prompt and detailed curative instructions were adequate to dissipate any impact on the jury.

**Remaining Issues Raised by Man Lui**

**a.** Man Lui was not improperly joined for trial with Pong Liu. The wiretapped conversations, surveillance and physical evidence demonstrate that Man Lui and Pong Liu were involved in "a common plan, scheme or conspiracy" to distribute cocaine and that the cocaine conspiracy had a logical relationship with the ecstasy conspiracy. *See Sarkisian*, 197 F.3d 966, 976 (9th Cir. 1999). Pong Liu participated in both simultaneously, with many of the same co-conspirators.

Moreover, even if joinder was improper in this case, the error was harmless. There is no discernable way that Man Lui was harmed by the joinder. In fact, the jury did not convict him for possessing the full amount of cocaine urged by the prosecution, indicating that it focused on and understood his limited involvement.

6

**b.** By failing to renew his motion to sever at any point during trial, Man Lui waived his right to appeal. *See United States v. Davis*, 932 F.2d 752, 762 (9th Cir. 1991).

**c.** Man Tao's testimony, Agent Robinson's testimony and several of the wiretapped calls all provided evidence of a conspiracy by Man Lui and others to distribute cocaine. Viewing the evidence in the light most favorable to the prosecution, a rational jury could have found, beyond a reasonable doubt, the essential elements to convict Man Lui of conspiracy to distribute 2,044 grams of cocaine. *See United States v. Herrera-Gonzalez*, 263 F.3d 1092, 1095 (9th Cir. 2001).

**d.** The clerical error in the judgment stating that Man Lui was found guilty of conspiracy to distribute five kilograms or more of cocaine should be corrected to reflect that jury verdict finding him guilty of conspiracy to distribute 2,044 grams of cocaine.

**Remaining Issues Raised by Pong Liu**

**a.** Regarding the portion of Chan Ho Liu's testimony in which he improperly names Pong Liu when testifying about the elements of misprision of a felony, there was no error. The district court sustained the objection and directed

the prosecutor to start again, at which point the prosecutor stopped pursuing that line of questioning.

**b.** The affidavit submitted by the government in support of the wiretap on Pong Liu's phone included "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." *See* 18 U.S.C. § 2518(1)(c). The efforts to engage in other means of investigation in this case were extensive. The district court did not abuse its discretion in determining that the wiretap was necessary. *See United States v. Garcia-Villalba*, 585 F.3d 1223, 1228 (9th Cir. 2009).

**c.** Although there were some errors in this case, they were relatively minor when viewed in context. The cumulative impact of these errors was not prejudicial considering the substantial independent evidence against Pong Liu.

**09-10290: AFFIRM VERDICT and REMAND TO CORRECT JUDGMENT**

**09-10408: AFFIRM**